UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

Petitioner,

v.

CASE NO. 16-cv-11401
HON. GEORGE CARAM STEEH

STATE OF MICHIGAN and
WASHTENAW COUNTY CIRCUIT JUDGE,

Respondents.
_____________________________________/

**OPINION AND ORDER**
**SUMMARILY DISMISSING THE HABEAS PETITION,**
**DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. Introduction

This matter has come before the Court on petitioner Michael Ward's pro se application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a state prisoner at the Brooks Correctional Facility in Muskegon Heights, Michigan. Exhibits to the habeas petition indicate that, in 1981, petitioner was convicted of possession with intent to deliver 650 or more grams of cocaine in Washtenaw County, Michigan. On May 8, 1982, the state trial court sentenced petitioner to life in prison. The Michigan Court of Appeals affirmed petitioner's conviction and sentence in a published decision. See People v. Ward, 133 Mich. App. 344; 351 N.W.2d 208 (1984). Petitioner alleges that the Michigan Supreme Court denied leave to appeal.

In 2014, petitioner asked the state trial court for a free copy of documents and transcripts in his criminal case. The state trial court denied petitioner's motion because:

(1) petitioner admitted to having previously received a copy of his entire court file; (2) he was seeking documents from a different case than the one in which he filed his motion; and (3) he was requesting documents for his umpteenth post-conviction motion. The state court concluded that petitioner had not shown "good cause" under Michigan Court Rule 6.433(C)(2) for providing him with another copy of the requested documents and transcripts. The court nevertheless stated that petitioner could purchase copies from the court at $.50 per page. See Order Regarding Mot. Requesting Copy of Documents & Transcripts without a Fee or Cost, People v. Ward, No. 79-13902-FY (Washtenaw County Cir. Ct. July 14, 2014).

Petitioner moved for reconsideration, but the state court denied his motion on the basis that petitioner had failed to demonstrate a palpable error in the court's prior order. See Opinion and Order Denying Defendant's Mot. for Reconsideration as to July 14, 2014 Order, People v. Ward, No. 79-13902-FY (Washtenaw County Cir. Ct. Feb. 6, 2015). The Michigan Court of Appeals denied leave to appeal the circuit court's decision "for lack of merit in the grounds presented." People v. Ward, No. 326562 (Mich. Ct. App. May 20, 2015). On December 22, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. See People v. Ward, 498 Mich. 949; 872 N.W.2d 458 (2015).

On April 18, 2016, Petitioner filed his habeas corpus petition. The Court understands the sole ground for relief to be that the state circuit court has deprived petitioner of his state and federal right of access to the courts and his right to seek redress from his criminal conviction. Petitioner claims that he cannot file a motion for relief from judgment in state court or pursue other post-conviction remedies without the

transcript and documents in his state criminal case. He also claims that the state court's findings – that he received a complete copy of his file and that he was seeking documents from a different case – are clearly erroneous and contrary to Supreme Court precedent. He seeks to have this Court order the state circuit court to provide him a copy of the requested transcript and documents free of charge within thirty days.

## II. Discussion

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), a federal court may entertain an application for the writ of habeas corpus only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, the writ of habeas corpus is an available federal remedy "when a state prisoner is challenging the very fact or duration of his physical imprisonment" and seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment." Id. at 500.

Petitioner is not asking this Court for release or a speedier release from imprisonment. Instead, he seeks to have the Court compel the state court to give him a free copy of transcripts and documents from his state criminal case. Petitioner's challenge to alleged deficiencies in the state court's post-conviction procedures is not cognizable on federal habeas review because it relates to a state civil matter, not his custody. Rose v. Baker, 316 F.3d 557, 571 (6th Cir. 2002). As the Sixth Circuit explained in Good v. Berghuis, 729 F.3d 636 (6th Cir. 2013),

> it would be an unusual intrusion for federal courts to second-guess state procedures for resolving motions once they have been presented. States are independent sovereigns, and the federal government generally speaking should respect their choices about how to adjudicate disputes.
>
> . . . [Federal courts] must instead presume that, once a federal claim comes before a state court, the state judge will use a fair procedure to achieve a just resolution of the claim . . . .

Id. at 639.

Furthermore, as a convicted defendant, petitioner "does not enjoy an unfettered right to a transcript at government expense to assist him in the preparation of a collateral attack on the conviction." United States v. Cook, 3 F. App'x 449, 451 (6th Cir. 2001) (citing United States v. MacCollom, 426 U.S. 317, 323–24 (1976)); see also Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (noting that "an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error") (citing Hines v. Barker, 422 F.2d 1002, 1006-07 (10th Cir. 1970)). This Court, moreover, has "no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

## III. Conclusion

Petitioner's claim is not cognizable in a federal habeas corpus petition, and he has failed to show that the state courts deprived him of a federal constitutional right. Accordingly, the petition for writ of habeas corpus is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which authorizes federal district courts to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

The Court declines to grant a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of petitioner's claim, nor conclude that the issue presented is "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court also declines to grant leave to proceed in forma pauperis on appeal should petitioner decide to appeal this decision, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: May 10, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 10, 2016, by electronic and/or ordinary mail and also on Michael Ward #128267, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Barbara Radke
Deputy Clerk