UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,

    v.                           CASE NO. 16-cv-11401
                               HON. GEORGE CARAM STEEH

THE STATE OF MICHIGAN and
WASHTENAW COUNTY CIRCUIT JUDGE,

    Respondents.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR REHEARING OR RECONSIDERATION (ECF NO. 7)

### I. Introduction

On April 18, 2016, petitioner Michael Ward filed a pro se application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a state prisoner serving a life sentence for possession with intent to deliver 650 or more grams of cocaine. The sole basis for his habeas corpus petition was the state trial court's order denying petitioner's motion for a free copy of the documents and transcripts filed in petitioner's criminal case. Petitioner alleged that he could not pursue post-conviction remedies without the documents and transcripts.

On May 10, 2016, the Court summarily dismissed the habeas petition because petitioner was not attacking his conviction or seeking release from custody, the traditional function of an application for the writ of habeas corpus. The Court also stated that the alleged deficiencies in the state court's post-conviction procedures were not a basis for habeas corpus relief, that petitioner did not have a right to a free transcript to assist him in preparing a collateral attack on his conviction, and that the Court had no authority to issue a writ of mandamus directed at the state court.

Now before the Court is petitioner's motion for a rehearing or reconsideration of the Court's order dismissing the habeas petition. Petitioner seeks to have the Court re-open this case and allow him to proceed with his claim. In the alternative, petitioner seeks a certificate of appealability and leave to appeal in forma pauperis.

## II. Discussion

This District's Local Rules provide that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Hawkins v. Genesys Health Systems, 704 F. Supp.2d 688, 709 (E.D. Mich.2010) (quoting Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Petitioner alleges that the cases cited by the Court in its order of dismissal are distinguishable or inapplicable because the cases do not discuss transcripts. Additionally, petitioner states that, unlike the litigants in the cases cited by the Court, he is indigent and his claims are not frivolous.

The principles in the cases cited by the Court, however, are still valid, and they indicate that there is no right to a free transcript to assist a defendant in the preparation of a collateral attack on his conviction. See United States v. Cook, 3 F. App'x 449, 451 (6th Cir. 2001) (citing United States v. MacCollom, 426 U.S. 317, 323–24 (1976)). Additionally, "relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedures because such claims relate to a state civil matter, not the custody of a defendant." Rose v. Baker, 316 F.3d 557, 571 (6th Cir. 2002). Finally, this Court has no authority to issue a writ of mandamus directing the state court to comply with petitioner's request for free copies. Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Consequently, the Court did not make a palpable error in its order of dismissal when it declined to order the state court to provide petitioner with documents and transcripts free of charge. The request for reconsideration of that ruling is denied.

As for petitioner's alternative request for a certificate of appealability and leave to proceed in forma pauperis on appeal, those requests likewise are denied. The contention that petitioner has a right to a free copy of transcripts for use on collateral review lacks merit. Therefore, an appeal could not be taken in good faith, and reasonable jurists would not conclude that the issue presented in the habeas petition is "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Dated: December 6, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 6, 2016, by electronic and/or ordinary mail and also on Michael Ward #128267, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Barbara Radke
Deputy Clerk